UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS-6

# CIVIL MINUTES – GENERAL

Case No.   5:25-cv-02565-SSS-MARx                                   Date: November 19, 2025

Title   <u>Stacey Lee, et al. v. M. Power Auto Group</u>

---

Present: The Honorable:   SUNSHINE S. SYKES, UNITED STATES DISTRICT JUDGE

| Irene Vazquez | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendant: |
|---|---|
| None Present | None Present |

**Proceedings (In Chambers):   Order Dismissing Action Without Prejudice**

On September 29, 2025, Plaintiffs filed a Complaint and a Request to Proceed In Forma Pauperis ("IFP request").  [Dkts. 1-2].  Plaintiffs alleged violations of the Truth in Lending Act.  [Dkt. 1].

On October 15, 2025, the Court postponed a ruling on the IFP request and ordered Plaintiffs to provide more information within 30 days.  [Dkt. 7].  The Court ordered Plaintiffs to file completed IFP requests or, in the alternative, pay the filing fee.  *Id*.  The Court also ordered Plaintiffs to file an Amended Complaint to explain what basis they had for equitable tolling of the statute of limitations.  *Id*.  The court warned Plaintiffs that the failure to comply with the order within 30 days would lead to the dismissal of this action without prejudice.  *Id*.

As of this date, more than 30 days later, Plaintiffs have not filed IFP Requests, paid the filing fee, or filed an Amended Complaint.

A district court has the inherent power under Federal Rule of Civil Procedure 41(b) to dismiss an action for failure to comply with the court's order.  *Agnew v. Moody*, 330 F.2d 868, 871 (9th Cir. 1964) (citing *Link v. Wabash R. Co*., 370 U.S. 626, 631 (1962)).  "[I]n order for a court to dismiss a case as a sanction, the district court must consider five factors: '(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives.'"  *Yourish v. California Amplifier*, 191 F.3d 983, 986 (9th Cir. 1999) (quoting *Hernandez v. City of El Monte*, 138 F.3d 393, 399 (9th Cir. 1998)).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES – GENERAL

Case No. 5:25-cv-02565-SSS-MARx   Date: November 19, 2025

Title   <u>Stacey Lee, et al. v. M. Power Auto Group</u>

    Here, the first, second, third, and fifth factors weigh in favor of dismissal. *See Yourish*, 191 F.3d at 990 ("[T]he public's interest in expeditious resolution of litigation always favors dismissal."); *Pagtalunan v. Galaza*, 291 F.3d 639, 642 (9th Cir. 2002) ("The trial judge is in the best position to determine whether the delay in a particular case interferes with docket management and the public interest. Arguably, [the] petition has consumed some of the court's time that could have been devoted to other cases on the docket."); *In re Eisen*, 31 F.3d 1447, 1452-53 (9th Cir. 1994) (recognizing that the law presumes injury to the defendants from unreasonable delay); *In re Phenylpropanolamine (PPA) Products Liability Litigation*, 460 F.3d 1217, 1229 (9th Cir. 2006) ("Warning that failure to obey a court order will result in dismissal can itself meet the 'consideration of alternatives' requirement."). Although the fourth factor, the public policy favoring disposition of the case on the merits, weighs against dismissal, "this factor lends little support to a party whose responsibility it is to move a case toward disposition on the merits but whose conduct impedes progress in that direction." *Products Liability Litigation*, 460 F.3d at 1228.

    In sum, four of the five factors weigh in favor of dismissal. Accordingly, this action is dismissed without prejudice.

    **IT IS SO ORDERED**.